RICHARD L. HOLMES, Retired Appellate Judge.
Profab, Inc. (Profab), filed a complaint against Corflex, Inc., World Plastics, and Augusta Fiberglass Coatings, Inc. (hereinafter collectively referred to as Corflex). The complaint alleged that Corflex owed Profab $25,290.20 for goods and merchandise sold and on a verified account, which remained unpaid.
Corflex filed an answer and a counterclaim for breach of warranty of fitness for a particular purpose, breach of implied warranty of merchantability, and breach of express warranty. The counterclaim also stated that the goods were conditionally accepted on reasonable assumption that the non-conformity would be cured and that due to Profab’s inability to cure the non-conformity, Corflex had revoked its acceptance of the goods. Corflex requested actual damages of $25,000 (the difference between the value of the goods as they were and as they would have been had they been as warranted), incidental damages of $10,000 (expenses incurred in the attempted repair of the goods), and consequential damages of $50,000 (unavoidable production losses caused by the failure of the goods).
The case was tried non-jury. Profab made a motion for a judgment on the pleadings. The trial court entered a judgment in favor of Profab in the amount of $25,290.20, due to the fact that no verified answer was filed by Corflex. The trial proceeded, and Corflex presented evidence in support of its counterclaim.
After hearing the testimony, the trial judge requested that the parties prepare briefs outlining their respective positions on liability and damages. ' Thereafter, the trial court entered a judgment in favor of Profab on its complaint in the amount of $25,000, and a judgment in favor of Corflex on its counterclaim in the amount of $10,000.
Corflex appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
On appeal Corflex raises three issues related to its counterclaim. These three issues can be summarized into the dispositive question of whether the $10,000 award to Corflex on its counterclaim was “plainly and palpably contrary to the weight of the evidence.”
In this case the trial court, sitting without a jury, heard the testimony, reviewed the evidence, and entered a judgment in favor of Corflex in the amount of $10,000 on its counterclaim. This judgment will be affirmed on appeal if there is credible evidence to support the judgment and if the judgment is not obviously wrong or manifestly unjust. Charles Israel Chevrolet, Inc. v. Walter E. Heller & Co., 476 So.2d 71 (Ala.1985).
Viewing the record with the attendant presumptions accorded the trial judge in an ore tenus proceeding, we note that the following is revealed: This case involved a 10-foot mandrel and a 12-foot mandrel, manufactured by Profab for use by Corflex in its production process. The dispute in this case centered around whether these mandrels *823 manufactured by Profab were defective, which resulted in the mandrels becoming broken, or whether Corflex altered the product after delivery and misused the product'in such a manner that the mandrels broke.
We would note that there was testimony that after delivery of the mandrels to Cor-flex, the nuts and bolts which secured and stabilized the mandrels were removed by employees of Corflex and replaced with a king pin or a tractor pin which allowed the mandrel to have some degree of flexibility. Our review of the record reveals that there was testimony that this alteration of the mandrel caused the mandrel to become more flexible and that this flexibility results in unusual wear on the mandrel during the winding process. There was also testimony by an employee of Corflex that the mandrel was not holding its shape during the winding process and that this flexion was the cause of the breakage.
There were also individuals who testified that Corflex used a tractor-trailer rig to pull the mandrel from the finished product. This method of “pulling” was described as very violent and resulted in severe vibrations to the mandrel. The preferred method was described as using a crane or a winch to remove the mandrel from the finished product.
There was testimony that while Profab made many of the repairs to the mandrels when the breakage occurred, Corflex made some of the repairs itself. Corflex introduced into evidence documentation of the amounts expended.
As indicated above, there was evidence from which the trial court could have concluded that Corflex altered the product and misused the product in a manner which resulted in damages to Corflex, for which Pro-fab was not responsible. In addition, there was evidence presented to the trial court from which it could have concluded that certain repair work which Corflex paid for was the responsibility of Profab. In light of the above, there was evidence to support the trial court’s judgment of $25,000 in favor of Pro-fab and its judgment of $10,000 in favor of Corflex.
This case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court, under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.